### Jasper v. Jasper et al.

(Decided Nov. 13, 1934.)

304

B. J. BETHURUM for appellant.

VIRGIL P. SMITH and E. T. WESLEY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This appeal challenges the correctness of a judgment sustaining a demurrer to, and dismissing, the petition as amended.

Though the suit was brought by Elizabeth Jasper and Georgia Jasper Moore, only Elizabeth Jasper has appealed, and it will not be necessary to consider the allegations of the petition as amended, in so far as they refer solely to Georgia Jasper Moore.

Briefly stated, the allegations of the petition are: T. E. Jasper died testate in the year 1928, survived by

his widow, Anna B. Jasper, and five children, viz., Elizabeth Jasper, Georgia Jasper Moore, Katherine Jasper, Virginia Jasper Godby, and Thomas Eugene Jasper. By his will, which was duly probated in the Pulaski county court, he devised all his property, real and personal, after the payment of his debts, and the erection of a suitable family monument, to his wife, Anna B. Jasper, for and during her natural life, or so long as she remained his widow. In the event of her remarriage, she was to have one-half of the surplus of his personal estate, and an undivided one-third interest in and to his real estate. On her death unmarried, the remainder, or on her death if married, the residue of the property, after the provision made for her in that event, was to go to his surviving children, and the surviving child or children of any deceased child or children. He directed that his residence property be used and occupied by his wife and unmarried children jointly, and, in the event that his wife should marry, that it be placed at the disposal of, and for the use of any of his unmarried children, to be used and occupied by them as a home so long as they remained single.

Item 3 of the will is as follows:

"I do hereby authorize and empower my executrix to exercise her discretion in making sale of any of my real estate or personal property, either publicly or privately, and to make any deed of conveyance therefor without the purchaser having to look to the application of the proceeds, and, in the event my executrix shall deem it best to sell and dispose of my real and personal estate, or any part thereof, I direct that the proceeds of any such sale, after the satisfaction of Item 1 in this will, shall be reinvested and kept invested in United States Government Bonds, state or municipal bonds, first mortgages on improved real estate, or in some other good paying income securities, my said executrix to exercise her discretion in making such investments. I consider the income that will be derived from my real and personal estate as ample and sufficient to furnish my beloved wife, Anna B. Jasper, an abundance for the maintenance and comfort of her and our unmarried children residing with her and any luxuries she or they may desire, and I direct that the rents and income from same shall be so used by her for the maintenance, support and education of our unmar-

ried children living and residing with their mother, and the expenditure of said income for said purposes I leave to the discretion of my wife. It is my will and desire that the principal of my estate that may come into her hands as executrix under the terms and conditions aforesaid shall remain intact, but, should my executrix find it necessary for the maintenance and support of her and for the maintenance, support and education of our unmarried children living and residing with her, she is authorized to use such of the principal as may be needed for such purposes.''

Anna B. Jasper, the wife of the testator, was nominated and qualified as executrix of the will. Elizabeth Jasper is the daughter of the testator. Georgia Jasper Moore, another daughter, has been married, but she and her husband have separated, and suit for divorce is now pending. Elizabeth Jasper is unmarried, and her permanent home is with the widow. Since the death of T. E. Jasper, and probate of his will, her mother, who is in charge of said estate, has persistently refused to furnish them either support, or sufficient funds for education, and they have been compelled to work out from home and earn money for that purpose. Also their mother, who is executrix of the estate, is now refusing to carry out the terms of said will, and provide them a home and support out of the income of the estate. The annual income from the estate is something like $12,000, but no part of same has ever been turned over to plaintiffs, although their father's will expressly so provides. Their mother is now threatening to drive them away from their father's house, and will do so if not enjoined and restrained. The defendant Anna B. Jasper, as executrix of the estate, is justly indebted to them in the sum of $5,000 each, and for their part of the income for the years since the death of their father, and, in addition to this, they are entitled to be supported in the way and manner provided by said will, as long as they are unmarried or dependents upon said bounty. The prayer of the petition reads:

"Wherefore, plaintiffs pray for a judgment against the executrix, Anna B. Jasper, in the sum of $5,000.00 each for the back money due them for a support contemplated by said will, which they never received, that said executrix be required to provide and pay to them sufficient money out of

said income to support them in the manner provided by said will, and that same be construed by the court according to the contentions of the plaintiffs, and finally they pray for all proper relief.''

Thereafter plaintiffs filed an amended petition stating that the defendant Anna B. Jasper, executrix of the estate of T. E. Jasper, in the handling of the matter of the distribution of the income from said estate, as provided for in clause three of the will, has been and is influenced by feelings of personal hostility toward the plaintiffs, and that in refusing to set apart some of the income from the corpus of the estate of their father for their support, maintenance, and education, provided for in said will, the said executrix has and still is actuated by ill feeling and improper and selfish motives, and not by a desire or purpose to do justly by plaintiffs in the exercise of a sound legal, or any, discretion. Later on plaintiffs filed a second amended petition, alleging that since the death of their father, the defendant had failed and refused to allow them to reside in the homestead with her; that they had been forced to go out and shift for themselves; that they were refused money with which to pay their expenses in obtaining an education, and but for their own earning capacity and the money obtained in this way, they could not have completed their education; that the defendant has shown a decided partiality as between them and her other children, and has persistently and stubbornly refused to furnish them either money or clothing from the date of their father's death, and all they have spent has been earned by their own labor. Elizabeth Jasper is temporarily away from her mother's home, but avers that her said absence is an absolutely forced absence in order that she might earn for herself a living and support, and this has been the case since her father made the said provision in his will, and that her mother has from the beginning refused to comply with the will in that respect, and has refused to share with plaintiffs any of said income.

We are not disposed to the view that a beneficiary, under a will like the one in question, is altogether without a remedy. On the contrary, we conclude that if, as claimed by appellant, she is being denied her rights under the will, she may come into a court of equity, ask for a construction of the will, and the determination of her rights. The main question for determination is, whether appellant has any enforceable rights under the

will. Doubtless there are cases where the life tenant or trustee is vested with absolute discretion in the distribution of the income from an estate, but here the situation is different. The testator first makes it plain that his unmarried children should share his residence with his widow. After saying, ''I consider the income that will be derived from my real and personal estate as ample and sufficient to furnish my beloved wife, Anna B. Jasper, an abundance for the maintenance and comfort of her and our unmarried children residing with her, and any luxuries she or they may desire,'' he adds:

> ''And I direct that the rents and income from same shall be so used by her for the maintenance, support and education of our unmarried children living and residing with their mother, and the expenditure of said income for said purposes I leave to the discretion of my wife.''

In view of the fact that the testator positively directs that the income from his estate shall be used by his wife for the maintenance, support, and education of their unmarried children living and residing with her, we do not regard the addition of the words, ''and the expenditure of said income for said purposes I leave to the discretion of my wife,'' as clothing the wife with the arbitrary power to refuse the unmarried children the right to share the home with her, or, regardless of the amount of the income from the estate, to refuse to apply any of the income for their support, maintenance, and education, or to fix such expenditure so low as to amount to a refusal. On the contrary, it is apparent that she has only a reasonable discretion, to be determined in the light of the income from the estate, which is alleged to be $12,000, and what persons in the same station of life as the unmarried children would ordinarily require in the way of support, maintenance, and education. Our conclusions on the questions involved may be summarized as follows:

(1) It not appearing that appellant herself has expended any money on her education, or that she now desires further education, that feature, in so far as the present pleadings are concerned, is eliminated from the case.

(2) If, as is alleged, appellant's mother has denied her the right to live in the home, and has refused to give her any portion of the income from the estate for

her support and maintenance, the mother will be required to admit her into the home and pay to her, if the income from the estate will permit, a reasonable sum for her clothing and other things suitable to her station in life, or, in the case of continued refusal, to pay her a reasonable sum for her maintenance and support, including her board.

(3) If, by reason of her mother's refusal to permit appellant to live in the home, appellant has been forced to live elsewhere, she may recover of her mother such reasonable sums as she may have expended for her maintenance and support, including her board, outside the home.

(4) If, however, it should develop that appellant's departure from the home was voluntary, or was rendered necessary by her own conduct toward her mother, she is not entitled to anything for board and maintenance outside the home.

As the facts pleaded are sufficient to show that appellant has been, and is being, denied the right to live in the home with her mother, and receive any portion of the income for her support and maintenance, we think the petition, as amended, makes out a prima facie case for relief, and that the demurrer thereto was improperly sustained.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.